UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZABEN, LLC, and WEINSTOCK PARTNERS LLC, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK and JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)<br><br>*Defendants.* | Civil Action No. 7:23-cv-08178-CS<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." For documents or information produced by a third party other than deposition transcripts and exhibits, a designating party (other than the producing party) or their counsel may designate such material as Confidential Information by notifying all parties of the Confidential Information in the third party producing party's production that the designating party is designating. Upon such designation, all persons subject to this Order will treat such material

as Confidential Information.

2.   Extracts and summaries of Confidential Information shall also be treated as Confidential Information in accordance with the provisions of this Order.

3.   The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action, including its right to disclose or use such documents or information for any purpose.

4.   In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5.   Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.   The parties to this action and their counsel, including in-house counsel;

b.   Employees of such counsel assigned to and necessary to assist in the litigation, as well as vendors or service providers (such as copy-service providers and document-management consultants) that counsel for the parties hire and assign to this matter, and stenographers or videographers engaged to transcribe or record depositions the parties conduct in this action;

c.   Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

d.   As to any document, its author, its addressee, and any other person (such as a copy recipient) indicated on the face of the document as having received a copy;

  e. Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, and their counsel (if different than counsel for the parties);

  f. The Court (including any mediator appointed by the Court or a mediator engaged privately by the parties in this matter, or other person having access to any Confidential Information by virtue of his or her position with the Court), including any appellate court, its support personnel, and court reporters; and

  g. Any other person agreed to by the parties.

This Order shall not prevent a party from seeking further protection for certain documents. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

6. Prior to disclosing or displaying the Confidential Information to any person in categories 6(c), 6(e), or 6(g), counsel must:

  a. Inform the person of the confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

  d. It shall be the responsibility of the designating party to obtain an executed Exhibit A from their own employees, former employees, consultants, and auditors, or the designating party may waive the requirement. If counsel is unable to obtain an executed confidentiality agreement in the form of Exhibit A from any deposition witness and chooses not to waive the requirement, counsel shall immediately and prior to the deposition provide notice to counsel for the other party and such party may seek relief from the Court regarding

the terms and conditions under which Confidential Information may be disclosed to the witness in the deposition. Alternatively, counsel for the parties may agree that Confidential Information is adequately protected by such person's existing obligations to maintain the confidentiality of such information. Nothing herein, however, shall prevent any counsel from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information.

7. A party or its counsel may designate deposition exhibits or portions of deposition transcripts as "CONFIDENTIAL" either by: (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days of the witness's receipt of the final transcript, of the specific pages and lines of the transcript that are to be designated "CONFIDENTIAL," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the producing party or that person's counsel. During the 30-day period following a deposition, all parties will treat the entire deposition transcript as if it had been designated "CONFIDENTIAL."

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial

account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). A party's production of information that the party later claims should not have been produced because of a privilege shall not constitute a waiver of, or estoppel as to, any claim of privilege. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Upon discovery that it may have inadvertently produced privileged information, the party shall request the return of such information in writing reasonably promptly upon becoming aware of the inadvertent disclosure. The receiving party shall return such requested information within five days after receiving written notice of the inadvertent disclosure. In the event that the receiving party disagrees that the information requested back is privileged, the receiving party may retain a single copy of the disputed information for the sole purpose of resolving the dispute. The receiving party and the disclosing party shall attempt in good faith to resolve the dispute informally. If the receiving party and the disclosing party cannot resolve the dispute informally, either party may seek appropriate relief from the Court.

12. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal.

    a. All CONFIDENTIAL material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such CONFIDENTIAL material, shall be filed provisionally under seal with the Clerk of the Court. Any party filing such a motion or any other papers with the Court under seal shall at the same time also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts the Confidential Information itself and references to the Confidential Information or the substance of the Confidential Information.

    b. Within seven (7) business days after the filing of Confidential Information under seal, any party may file a motion with the Court seeking the continued sealing of the information, or certain parts of the information, originally filed under seal. Notwithstanding the preceding sentence, in the event that Confidential Information is filed under seal in connection with a memorandum of law in support of a motion or a memorandum of law in opposition to a motion, the time period to file a motion seeking continued sealing of the information, or certain parts of the information, originally filed under seal shall be extended to seven (7) business days after the date that any reply brief in further support of the original motion is due.

    c. The party filing the motion bears the burden of demonstrating that the standards for sealing have been met. The information shall remain sealed pending ruling by the Court on any timely- filed motion.

    d. If no party timely files a motion seeking continued protection for the information under seal, the party making the filing shall advise the Court that the information can be unsealed.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall

be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

14. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena, provided that such party gives written notice to the producing party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving such notice, the producing party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

SO STIPULATED AND AGREED.

Dated: May 20, 2024

| | |
|---|---|
| /s/ Robert Kingsley Smith<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>Timothy Perla (#4275178)<br>Robert Kingsley Smith (pro hac vice)<br>Yavor L. Nechev (pro hac vice)<br>Robert Donoghue (pro hac vice)<br>60 State Street<br>Boston, MA 02109<br>Tel.: (617) 526-6000<br>Facsimile: (617) 526-5000<br>E-mail: Timothy.Perla@wilmerhale.com<br>E-mail: Robert.Smith@wilmerhale.com<br>E-mail: yavor.nechev@wilmerhale.com<br>E-mail: robert.donoghue@wilmerhale.com | /s/ Ryan C. Kirkpatrick<br>Seth Ard (SDNY No.: SA1817)<br>Ryan C. Kirkpatrick (SDNY No.: 5643721)<br>Zach Savage (SDNY No.: ZS2668)<br>Ari Ruben (SDNY No.: AR1986)<br>SUSMAN GODFREY L.L.P.<br>One Manhattan West, 50th Floor<br>New York, New York 10001<br>Telephone: (212) 336-8330<br>Facsimile:(212)336-8340<br>sard@susmangodfrey.com<br>rkirkpatrick@susmangodfrey.com<br>zsavage@susmangodfrey.com<br>aruben@susmangodfrey.com<br><br>Steven G. Sklaver (pro hac vice)<br>Glenn C. Bridgman (pro hac vice) |

| | |
|---|---|
| *Attorneys for Defendants John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.)* | Halley Josephs (SDNY No.: HJ1108)<br>Kim Page (pro hac vice)<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars,<br>Suite 1400 Los Angeles,<br>California 90067-6029<br>Telephone: (310) 789-3100<br>Facsimile:(310)789-3150<br>ssklaver@susmangodfrey.com<br>gbridgman@susmangodfrey.com<br>hjosephs@susmangodfrey.com<br>kpage@susmangodfrey.com<br><br>*Attorneys for Plaintiffs* |

Dated:  May 21, 2024
         White Plains, New York

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge

## EXHIBIT A
### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled __have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20___

_____            _____
Name (printed)                                  Signature


Signed in the presence of:


_____

(Attorney)