UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZABEN, LLC, and WEINSTOCK PARTNERS LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK and JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)<br><br>Defendants. | Civil Action No. 7:23-cv-08178-CS-AEK<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF VALUATION MODELS** |

WHEREAS, in response to Plaintiffs' First Set of Requests for Production, Defendants John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.) (together, "John Hancock"), have agreed to produce certain annual International Financial Reporting Standards valuation models ("Valuation Models");

WHEREAS, John Hancock contends that the Valuation Models contain highly sensitive and proprietary commercial and financial information, including about John Hancock products that John Hancock contends are not at issue in and therefore not relevant to this action, the disclosure of which to another party or non-party, John Hancock contends, would create a substantial risk of serious harm to John Hancock;

WHEREAS, on May 21, 2024, the Court entered the parties' Confidentiality Stipulation and Protective Order (ECF No. 55), which sets forth the restrictions and procedures applicable to the information and documents exchanged by the parties in connection with the pre-trial phase of this action ("Protective Order");

1

WHEREAS, Paragraph 5 of the Protective Order contemplates that the parties may "meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only'";

WHEREAS, the parties have met and conferred pursuant to Paragraph 5 of the Protective Order and Plaintiffs agree not to oppose designation of the Valuation Models as "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" in order to protect what John Hancock contends is the confidentiality of the highly sensitive and proprietary commercial and financial information contained in the Valuation Models; and

WHEREAS, the Court finds that good cause exists for the issuance of this Protective Order pursuant to Federal Rule of Civil Procedure 26(c),

IT IS HEREBY ORDERED that the following restrictions and procedures shall apply to John Hanock's production of the Valuation Models in this action:

1. The Valuation Models, including extracts and summaries of the Valuation Models, shall be designated and treated as "Highly Confidential Information" in accordance with the provisions of this Protective Order.

2. The Highly Confidential Information may only be disclosed to:

   a. Outside counsel for Plaintiffs litigating this action ("Plaintiffs' Counsel");

   b. Employees of such Plaintiffs' Counsel assigned to and necessary to assist in the litigation, as well as vendors or service providers (such as copy-service providers and document-management consultants) that Plaintiffs' Counsel hire and assign to this matter, and stenographers or videographers engaged to transcribe or record depositions the parties conduct in this action;

   c. Consultants or experts assisting in the prosecution of the matter, to the extent deemed necessary by Plaintiffs' Counsel;

      d.     Any witness who Plaintiffs' Counsel in good faith believes may be called to testify at trial or deposition in this action, and their counsel (if different than counsel for the parties), to the extent deemed reasonably necessary in connection with their testimony in this action or the preparation thereof; and

      e.     The Court (including any mediator appointed by the Court or a mediator engaged privately by the parties in this matter, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court), including any appellate court, its support personnel, and court reporters.

3.     The Highly Confidential Information will be held and used by the person receiving such information solely for use in connection with the action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding.

4.     Persons receiving the Highly Confidential Information pursuant to the terms of this Protective Order shall not intentionally access or use data contained in the Valuation Models regarding John Hancock products that are not at issue in this action (*i.e.*, products that are not included in the table produced at JH_ZABEN_000000001) except as needed to filter, analyze, or verify the data relating to products and policies that are at issue in this action (*i.e.*, the products that are included in the table produced at JH_ZABEN_00000001 and the policies belonging to them).

5.     For the avoidance of doubt, nothing contained in this Protective Order will affect or restrict the rights of John Hancock with respect to the Highly Confidential Information, including its right to disclose or use the Highly Confidential Information for any purpose.

6. Prior to disclosing or displaying the Highly Confidential Information to any person in categories 2(c) or 2(d), counsel must:

  a. Inform the person of the designation by John Hancock of the highly confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person;

  c. Inform the person that this Court has enjoined the intentional access and/or use for any purpose information other than in this litigation contained in the Valuation Models regarding John Hancock products that are not at issue in this action; and

  d. Require each such person to sign an agreement to be bound by this Protective Order in the form attached as Exhibit A.

7. John Hancock or its counsel may designate deposition exhibits or portions of deposition transcripts as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" either by: (a) indicating on the record during the deposition that a question calls for Highly Confidential Information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Highly Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days of the witness's receipt of the final transcript, of the specific pages and lines of the transcript that are to be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated

transcript in their possession or under their control as directed by the producing party or that person's counsel.

  8. (a) All Highly Confidential Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Highly Confidential Information, shall be filed provisionally under seal with the Clerk of the Court.  Any party filing such a motion or any other papers with the Court under seal shall at the same time also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts the Highly Confidential Information itself and references to the Highly Confidential Information or the substance of the Highly Confidential Information.

  (b) Within seven (7) business days after the filing of Highly Confidential Information under seal, any party may file a motion with the Court seeking the continued sealing of the information, or certain parts of the information, originally filed under seal. Notwithstanding the preceding sentence, in the event that Highly Confidential Information is filed under seal in connection with a memorandum of law in support of a motion or a memorandum of law in opposition to a motion, the time period to file a motion seeking continued sealing of the information, or certain parts of the information, originally filed under seal shall be extended to seven (7) business days after the date that any reply brief in further support of the original motion is due.

  (c) If no party timely files a motion seeking continued protection for the information under seal, the party making the filing shall advise the Court that the information can be unsealed.

9. At the conclusion of litigation, Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to John Hancock or certified as destroyed.

10. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Highly Confidential Information.  Any such archival copies that contain or constitute Highly Confidential Information remain subject to this Protective Order.  Nothing herein shall preclude the parties from disclosing material designated to be Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena, provided that such party gives written notice to the producing party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure.  Upon receiving such notice, the producing party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

SO STIPULATED AND AGREED.

Dated: November 13, 2024

| | |
|---|---|
| /s/ *Robert K. Smith* | /s/ *Ryan C. Kirkpatrick* |
| WILMER CUTLER PICKERING HALE AND DORR LLP | Seth Ard (SDNY No.: SA1817) |
| Timothy Perla (#4275178) | Ryan C. Kirkpatrick (SDNY No.: 5643721) |
| Robert Kingsley Smith (pro hac vice) | Zach Savage (SDNY No.: ZS2668) |
| Yavor L. Nechev (pro hac vice) | Ari Ruben (SDNY No.: AR1986) |
| Robert Donoghue (pro hac vice) | SUSMAN GODFREY L.L.P. |
| 60 State Street | One Manhattan West, 50th Floor |
| Boston, MA 02109 | New York, New York 10001 |
| Tel.: (617) 526-6000 | Telephone: (212) 336-8330 |
| Facsimile: (617) 526-5000 | Facsimile:(212)336-8340 |
| | sard@susmangodfrey.com |

E-mail: Timothy.Perla@wilmerhale.com
E-mail: Robert.Smith@wilmerhale.com
E-mail: Yavor.Nechev@wilmerhale.com
E-mail: Robert.Sonoghue@wilmerhale.com

*Attorneys for Defendants John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.)*

rkirkpatrick@susmangodfrey.com
zsavage@susmangodfrey.com
aruben@susmangodfrey.com

Steven G. Sklaver (pro hac vice)
Glenn C. Bridgman (pro hac vice)
Halley Josephs (SDNY No.: HJ1108)
Kim Page (pro hac vice)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars,
Suite 1400 Los Angeles,
California 90067-6029
Telephone: (310) 789-3100
Facsimile:(310)789-3150
ssklaver@susmangodfrey.com
gbridgman@susmangodfrey.com
hjosephs@susmangodfrey.com
kpage@susmangodfrey.com

*Attorneys for Plaintiffs*

Dated:  November 14, 2024        White Plains, New York

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge

## EXHIBIT A
## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Zaben, LLC et al. v. John Hancock Life Insurance Company of New York et al.,* Case No. 7:23-cv-08178 (S.D.N.Y.), have been designated as "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" and must be treated as Highly Confidential Information by Order of the Court.  I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20\_\_

_____          _____
Name (printed)                                        Signature

Signed in the presence of:

_____
(Attorney)